IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLINTON MELCHISEDER KEYTON, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>STAPLES, TAMARAH MATTIE, :<br>ALEX WOLCHESKY, and LORI :<br>HABERMEHL :<br>:<br>Defendants : | Civil Action No.<br>1:15-CV-00429-LMM-JCF |

## ORDER

Plaintiff, who is proceeding *pro se*, seeks to file this employment discrimination complaint (*see* Doc. 1-1) without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). After consideration of the affidavit in support of his request to proceed *in forma pauperis* (Doc. 1), the Court **GRANTS** Plaintiff's request pursuant to 28 U.S.C. § 1915(a), and he shall be allowed to proceed with this action without prepayment of filing or United States Marshal Service fees.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be

1

granted. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

"Additionally, because Plaintiff [is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012

U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' "  *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

Plaintiff alleges that his employer Staples discriminated against him because of his race and sex and retaliated against him because he filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). (*See* Doc. 1-1 at ¶¶ 1, 12-14).  In the narrative portion of his Complaint, Plaintiff alleges:

> I was wrongfully demoted because of misuse of company property.  I also was not treated [as] fair as a female who held the same position and status on the same job title.  I was also denied a promotion and interview for a position that I was eligible for because of race.  I was retaliated against for filing a lawsuit with the EEOC and was wrongfully written up and harassed.  I was also a victim of company misuse of policy.

(Doc. 1-1 at ¶ 14).

As an initial matter, the Court notes that Plaintiff cannot maintain his Title VII claims against the individual defendants, i.e., Tamarah Mattie, Alex Wolchesky, and Lori Habermehl.  Instead, his Title VII claims can only be pursued against his employer – presumably Staples.  *See Busby v. City of* Orlando, 931 F.2d

764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."). Furthermore, the Court finds that Plaintiff's conclusory allegations of discrimination and retaliation fail to plausibly state a claim under Title VII. In light of his *pro se* status, however, the Court will give Plaintiff an opportunity to file an amended complaint to adequately state his claims.

Accordingly, Plaintiff is **DIRECTED** to file, **no later than 21 days** from the date of entry of this Order, an amended complaint in which he provides additional detail concerning his discrimination and retaliation claims. Specifically, with respect to his race discrimination claims, he must describe the specific employment action(s) he alleges to be discriminatory (e.g., disciplinary action, demotion, failure to promote, etc.), the date each action occurred, who took the action, and what facts support his belief that the action was taken because of his race. Similarly, as to his retaliation claim, Defendant must describe his statutorily protected activity and when he engaged in it, the specific employment actions he contends were taken in retaliation for his statutorily protected activity and the identity of the person(s) who took those actions, and the facts that support his belief that the actions were taken to retaliate against him. Plaintiff is also **DIRECTED** to attach to his amended complaint copies of all of his EEOC charges concerning his claims of discrimination and retaliation against Staples.

Plaintiff is cautioned that if he does not comply with this Order, the undersigned may recommend to the District Judge that his Complaint be dismissed.

**IT IS SO ORDERED** this 7th day of May, 2015.

                                            /s/ *J. CLAY FULLER*
                                            J. CLAY FULLER
                                            United States Magistrate Judge